UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CAMERON OMARI VINCENT,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No. 20-cv-03129-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* (dkt. 5) and he has consented to the jurisdiction of a magistrate judge (dkt. 4).

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it

1  rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a
2  claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide
3  the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
4  formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must
5  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
6  550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a
7  claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has
8  recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can
9  provide the framework of a complaint, they must be supported by factual allegations. When there
10  are well-pleaded factual allegations, a court should assume their veracity and then determine
11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679
12  (2009).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
14  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
15  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,
16  487 U.S. 42, 48 (1988).

17  **Legal Claims**

18      Plaintiff states that the conditions of confinement have negatively impacted his health.
19  When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether
20  the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth
21  Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire
22  the power to punish with which the Eighth Amendment is concerned until after it has secured a
23  formal adjudication of guilt in accordance with due process of law. Where the State seeks to
24  impose punishment without such an adjudication, the pertinent guarantee is the Due Process
25  Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72
26  n.40 (1977)).

27      A claim for a violation of a pretrial detainee's right to adequate medical care also arises
28  under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of*

*Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id.* (citations and internal quotation marks omitted). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard. *Id.*

Plaintiff states that he has become Vitamin D deficient due to the lack of sunlight over the last five years and has suffered from depression, low testosterone, and weak bones and teeth. Compl. (dkt. 1) at 3. For relief, Plaintiff seeks money damages and 30 minutes to 60 minutes of sunlight a day. Plaintiff identifies no defendants in this action. *Id*. He also states that the jail is currently in litigation about this issue and a decision should be forthcoming soon. *Id*. at 2.

The complaint is dismissed with leave to amend to provide more information. Plaintiff must identify specific defendants by name and describe how they violated his constitutional rights. He must describe if and how he has requested access to sunlight or time outside and what resulted. He must describe how much outdoor time he receives each week and if he has raised his medical concerns with prison medical officials and how they responded. Finally, Plaintiff must provide more information regarding the current litigation about the access to, or lack thereof, sunlight and if he is a party to that case. Plaintiff should also indicate if he is awaiting trial or has already been convicted of the offense that he is currently being held in custody.

## CONCLUSION

The complaint is **DISMISSED** with leave to amend in accordance with the standards set

forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 8, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge