Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Tel: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff
CAMERON VINCENT

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON VINCENT,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO and DOES 1-25;<br><br>Defendants. | Case No.: 1:20-cv-03129-SK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: December 11, 2023<br>Hearing Judge: Hon. Sallie Kim<br>Time: 9:30 a.m.<br>Place: Courtroom C, 15th Floor<br>Trial Date: March 12, 2024 |

## STATEMENT OF FACTS

Plaintiff was incarcerated at the San Francisco County jail for period of five years before his release. (Vincent Dec ¶ 2) During the five-year period that he was incarcerated at the San Francisco County Jail, he was denied access to sun light. (Vincent Dec ¶ 3) As a result of his lack of access to sunlight, Plaintiff suffered the physical harm of becoming vitamin D deficient, (Goff Dec Exhibit A Vitamin D lab test result), in which he observed that he became sluggish, felt weak and had a lack of energy. (Vincent Dec ¶ 4) Further, due to his lack of access to sunlight, Plaintiff suffered emotional distress that included feeling depressed, overwhelmed, helpless, spending a lot of time worrying, having difficulty thinking and remembering, feeling extreme levels of stress, anxiety and sleepiness. (Vincent Dec ¶ 5)

During the five-year period that Plaintiff was incarcerated at the San Francisco County Jail, he filed numerous grievances requesting to have access to sunlight, however, these requests were either ignored or denied. (Vincent Dec ¶ 6). Prior to this period of incarceration, Plaintiff never experienced depression, anxiety or restlessness. (Vincent Dec ¶ 7)

**Legal Standard**

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden to show there is no genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In determining whether summary judgment is appropriate, the court does not make credibility determinations, or weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). This Court is required to view

the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. (*Lal v. California*, 746 F.3d 1112, 1115–16 (9th Cir. 2014).

## DEFENDANTS ARE LIABLE TO THE PLAINTIFF FOR DELIBERATE INDIFFERENCE

The Defendants violated Plaintiff's Fourteenth Amendment because Defendant deprived him of sufficient exposure to direct **sunlight**.

The evaluation of a pretrial detainee's conditions of confinement arises out of the Fourteenth Amendment because the U.S. Constitution bars deprivation of liberty without due process. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Thus, the question is whether detention equals punishment because a pretrial detainee cannot be punished without being adjudged guilty of a crime. *Wolfish*, 441 U.S. at 535; *see also **Norbert v. City and Cnty. of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021)**. The Fourteenth Amendment bars "punishment" of pretrial detainees. What amounts to punishment is something that causes a "harm or disability" and where the "purpose of the governmental action" was to punish the detainee. ***Norbert*, 10 F.4th at 928** (quoting *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004).)

However, showing that the purpose of the government's action is to punish does not require showing intentional harm by the government but only reckless indifference by the government. *Id.* If there is no "expressed intent to punish," the analysis of reckless indifference "generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Wolfish*, 441 U.S. at 525 (citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963) (brackets in original).) The

government's action must be "rationally related to a legitimate nonpunitive governmental purpose and [not] appear excessive in relation to that purpose." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1213 (9th Cir. 2008).

And although the Fourteenth Amendment governs the rights of a pretrial detainee, the Eighth Amendment provides a "minimum standard of care." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Thus, the Ninth Circuit has held that "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment" and therefore applied the "same standards" to analyzing the rights of pretrial detainees. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991).) In *Demery v. Arpaio*, the Ninth Circuit explained the difference between the analysis under the Eighth Amendment and Fourteenth Amendment: "Both distinctions are critical because the Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth Amendment only prevents the imposition of cruel and unusual punishment." 378 F.3d at 1029. An independent constitutional violation is not required to find that punishment exists. *Id.* at 1030. But, based on this analysis, if a governmental action constitutes a violation of the Eighth Amendment, it also constitutes a violation of the Fourteenth Amendment.

## **Plaintiff Suffered Harm from a Lack of Exposure to Direct Sunlight**

To prove harm the Plaintiff must show that lack of direct access to **sunlight** is punishment (either by showing intent to punish or reckless indifference) to prove a violation of the Fourteenth Amendment. *Norbert*, **10 F.4th at 928**. "Under the Fourteenth Amendment to show improper 'punishment' plaintiffs must demonstrate that the challenge conditions produce a 'harm or disability.'" *Norbert*, **10 F.4th at 934-35**.

The evidence discussed above when viewed in a light most favorable to the Plaintiff shows that failure to provide access to direct **sunlight** for a period of several years caused harm to the Plaintiff. Here, Plaintiff was incarcerated at the San Francisco County jail for period of five years before his release. (Vincent Dec ¶ 2) During that five-year period he was denied access to sun light. (Vincent Dec ¶ 3) As a result of his lack of access to sunlight, Plaintiff suffered the physical harm of becoming vitamin D deficient (Goff Dec Exhibit A Vitamin D lab test result) in which he observed that he became sluggish, felt weak and had a lack of energy. (Vincent Dec ¶ 4) Further, due to his lack of access to sunlight, Plaintiff suffered emotional distress that included feeling depressed, overwhelmed, helpless, spending a lot of time worrying, having difficulty thinking and remembering, feeling extreme levels of stress, anxiety and sleepiness. (Vincent Dec ¶ 5) Plaintiff filed numerous grievances requesting to have access to sunlight, however, these requests were either ignored or denied. (Vincent Dec ¶ 6) Prior to this period of incarceration, Plaintiff never experienced depression, anxiety, restlessness. (Vincent Dec ¶ 7)

The Defendants made an intentional decision and were recklessly indifferent by denying the Plaintiff sufficient access to sunlight during the five-year period that Plaintiff was incarcerated. As a result of not having access to sunlight, the Plaintiff became vitamin D deficient (Goff Dec Exhibit A Vitamin D lab test result), in which he observed that he became sluggish, felt weak and had a lack of energy. (Vincent Dec ¶ 4) Further, due to his lack of access to sunlight, Plaintiff suffered emotional distress that included feeling depressed, overwhelmed, helpless, spending a lot of time worrying, having difficulty thinking and remembering, feeling extreme levels of stress, anxiety and sleepiness. (Vincent Dec ¶ 5).

The Defendants contend that there is no evidence that lack of sunlight caused Plaintiff's harms because Plaintiff admitted he has no evidence of medical causation, and that Plaintiff has no medical witnesses who can testify to medical causation. However, even without evidence from a medical expert, the Plaintiff may allege "garden variety" emotional distress and prove that harm through his own testimony. Garden variety emotional distress is "ordinary or common place emotional distress that is 'simple or usual.'" *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003).

Garden variety emotional distress has been described the distress that any healthy, well-adjusted person would likely feel as a result of being victimized; "the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel given the defendant's conduct;" and general pain and suffering that is not serious enough to require psychological treatment or disrupt of affect the claimant's life activities. *Curry v. United States*, 2018 U.S. Dist. LEXIS 3946, 2018 WL 347661, at *2 (E.D. Cal. Jan. 9, 2018) (citing *Flowers v. Owens*, 274

F.R.D. 218, 225-26 (N.D. Ill. 2011) (internal citation and quotations omitted).) To show garden variety emotional distress, Plaintiff need not show any medical records or medical expert testimony. *Wilson v. Decibels of Oregon, Inc.*, No. 1:16-CV-00855-CL, 2017 U.S. Dist. LEXIS 11302, 2017 WL 393602, at *1 (D. Or. Jan. 26, 2017). Emotional distress can be "harm" under the Fourteenth Amendment without any reference to medical records or medical expert testimony. *Vazquez v. County of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020).

Here, Plaintiff presents material disputable evidence in support of his opposition that he suffered the harm of becoming vitamin D deficient and emotional distress from a lack of access to direct **sunlight**. This harm that Plaintiff suffered due to a lack of access to sunlight was not inherent in the conditions of Plaintiff's confinement and thus rose to the level of extrajudicial punishment.

The Defendants may argue that there is a valid purpose of restraining inmates securely before trial. However, there was no valid governmental interest in a complete denial of direct sunlight to Plaintiff.

## CONCLUSION

Based on the facts and controlling case law cited, the Plaintiff request that the Court denies the Defendants' Motion for Summary Judgment in its entirety.

Dated: November 6, 2023

/s/ *Stanley Goff*
Stanley Goff
Attorney for Plaintiff
CAMERON VINCENT

**Plaintiff is no longer claiming Punitive Damages**