# REDACTED

DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
S. PATRICK KELLY, State Bar #275031
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3856
Facsimile:     (415) 554-3837
E-Mail:        patrick.kelly@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON VINCENT, | Case No. 20-cv-03129-SK |
| Plaintiff, | **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO and DOES 1-25, | Hearing Date:     December 11, 2023<br>Hearing Judge:   Hon. Sallie Kim<br>Time:              9:30 a.m.<br>Place:             Courtroom C, 15th Floor |
| Defendants. | Trial Date:        March 12, 2024 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

I.      INTRODUCTION ........................................................................................................1

II.     LEGAL STANDARD....................................................................................................2

III.    EVIDENTIARY OBJECTIONS ...................................................................................2

IV.     ARGUMENT.................................................................................................................4

        A.      Plaintiff's Failure to Adduce Evidence of Causation Is Fatal to His
                Claim.................................................................................................................4

                1.      Plaintiff's Vitamin D Test Cannot Establish Causation .................5

                2.      Plaintiff's Declaration Cannot Establish Causation........................6

                3.      Plaintiff Cannot Avoid His Failure to Produce Medical Evidence
                        by Limiting His Alleged Harms.......................................................8

        B.      Plaintiff's Newly-Alleged Harms Are Insufficient to State a Fourteenth
                Amendment Claim.............................................................................................9

                1.      Plaintiff Cannot Amend His FAC in Opposition to Summary
                        Judgment........................................................................................10

                2.      Garden Variety Damages Are Insufficient to State a Fourteenth
                        Amendment Claim .........................................................................10

CONCLUSION..............................................................................................................................13

## TABLE OF AUTHORITIES

**Federal Cases**

*999 v. C.I.T. Corp.*
  776 F.2d 866 (9th Cir. 1985) ............................................................................................3, 10

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986)................................................................................................................2, 5

*Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*
  57 F.3d 1190 (3d Cir. 1995) ..................................................................................................3

*Bell v. Wolfish*
  441 U.S. 520 (1979)................................................................................................................11

*Billie v. Cnty. of Santa Barbara*
  2018 WL 7508478 (C.D. Cal. Nov. 27, 2018).....................................................................11

*Brackens v. City and Cnty. of San Francisco*
  2023 WL 6847576 (N.D. Cal. Oct. 17, 2023) ....................................................................12

*Cannedy v. Amador Cnty. Sheriff Dep't.*
  2022 WL 17994155 (E.D. Cal. Dec. 29, 2022) ...................................................................11

*Castro v. Cnty. of Los Angeles*
  833 F.3d 1060 (9th Cir. 2016) ..............................................................................................11

*Conservation Force v. Salazar*
  677 F. Supp. 2d 1203 (N.D. Cal. 2009) ...............................................................................5

*Cottle v. Superior Ct.*
  3 Cal. App. 4th 1367 (1992) ..............................................................................................6, 8

*Curry v. United States*
  2018 WL 347661 (E.D. Cal. Jan. 9, 2018) .........................................................................12

*Demery v. Arpaio*
  378 F.3d 1020 (9th Cir. 2004) ...........................................................................................1, 11

*Dhillon v. Princess Cruise Lines, Ltd.*
  2022 WL 504560 (C.D. Cal. Feb. 18, 2022) ......................................................................7, 9

*Fitzgerald v. Cassil*
  216 F.R.D. 632 (N.D. Cal. 2003)..................................................................................2, 11, 12

*Fleming v. Lind-Waldock & Co.*
  922 F.2d 20 (1st Cir. 1990)....................................................................................................10

*Hawes v. Pac. Gas & Elec. Co.*
  2018 WL 5270499 (C.D. Cal. June 25, 2018) ...................................................................7, 8

*James River Ins. Co. v. Rapid Funding, LLC*
    658 F.3d 1207 (10th Cir. 2011) ...............................................................................6

*Jenkins v. Cnty. of Riverside*
    398 F.3d 1093 (9th Cir. 2005) ................................................................................5

*Keenan v. Allan*
    91 F.3d 1275 (9th Cir. 1996) ..................................................................................2

*Miller Castillo v. Solano Cnty. Jail*
    2012 WL 396032 (E.D. Cal. Feb. 7, 2012)............................................................11

*Navajo Nation v. U.S. Forest Service*
    535 F.3d 1058 (9th Cir. 2008) ..............................................................................10

*Norbert v. City and Cnty. of San Francisco*
    10 F.4th 918 (9th Cir. 2021) .....................................................................4, 7, 8, 11

*Orr v. Bank of America*
    285 F.3d 764 (9th Cir. 2002) ..................................................................................5

*Pickern v. Pier 1 Imports (U.S.), Inc.*
    457 F.3d 963 (9th Cir. 2006) ................................................................................10

*Rhoden v. Corona*
    2010 WL 4449711 (C.D. Cal. Aug. 24, 2010)........................................................11

*Sanchez v. Master Prot., LP*
    2022 WL 2092995 (C.D. Cal. May 4, 2022) ............................................................7

*Shorter v. Baca*
    895 F.3d 1176 (9th Cir. 2018) ..............................................................................11

*Stephen v. Ford Motor Co.*
    134 Cal. App. 4th 1363 (2005) ...............................................................................6

*United States v. Smith*
    640 F.3d 358 (D.C. Cir. 2011)................................................................................6

*United States v. York*
    600 F.3d 347 (5th Cir. 2010) ..........................................................................3, 6, 9

*Van Asdale v. Int'l Game Tech.*
    577 F.3d 989 (9th Cir. 2009) ..................................................................................4

*Vazquez v. Cnty. of Kern*
    949 F.3d 1153 (9th Cir. 2020) ....................................................................4, 11, 12

*Walker v. Contra Costa Cnty.*
    2006 WL 3371438 (N.D. Cal. Nov. 21, 2006) .................................................3, 6, 9

*Warren v. Cybulski*
556 B.R. 429 (N.D. Cal. 2016) ........................................................................................3, 10

*Wasco Products, Inc. v. Southwall Tech. Inc.*
435 F.3d 989 (9th Cir. 2006) ...............................................................................................10

*Wilson v. Decibels of Oregon, Inc.*
2017 WL 393602 (D. Or. Jan. 26, 2017) ........................................................................8, 12

*Yeager v. Bowlin*
693 F.3d 1076 (9th Cir. 2012) ..........................................................................................4, 10

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
259 F.3d 1101 (9th Cir. 2001) ..........................................................................................4, 10

**Rules**
Federal Rules of Civil Procedure
37(c)(1) ...........................................................................................................................4, 10
56(c)(1) ................................................................................................................................2
56(c)(3) ................................................................................................................................2

Federal Rules of Evidence
701(a) ...................................................................................................................................3
701(c) ...................................................................................................................................3

## I.    INTRODUCTION

Plaintiff Cameron Vincent ("Plaintiff") has failed to produce any admissible evidence – let alone evidence sufficient to create a genuine issue of material fact – that the condition of confinement alleged in his First Amended Complaint ("FAC") caused him any harm, a necessary element of Plaintiff's Fourteenth Amendment cause of action.  Perhaps recognizing his lack of causation evidence, Plaintiff's Opposition (ECF No. 50 ("Opp.")) presents a stark – and unacknowledged – retrenchment from the FAC.  Having admitted – in response to a request for admission – that he has no evidence that lack of sunlight or a Vitamin D deficiency caused the three harms claimed in his FAC: 1) low testosterone, 2) osteoporosis, and 3) depression, Plaintiff's Opposition does not even mention two of the three harms, low testosterone or osteoporosis, effectively abandoning those claims.

Plaintiff does not contend in Opposition that he has causation evidence for the harms alleged in the FAC, conceding the point.  Instead, Plaintiff has backed away from the harms actually alleged in the FAC and has limited his claimed harms to "garden variety" emotional distress.  Opp. at 6. However, despite drastically limiting his claim, Plaintiff still adduces no admissible evidence that a lack of sunlight or Vitamin D deficiency caused even these garden variety harms.  The effect of sunlight on Vitamin D production, the effect of sunlight on the body and psyche, and the effect of Vitamin D deficiency on the body and psyche are all complex areas of medical study.  Despite having the benefit of this Court's preliminary injunction and summary judgment rulings from the *Norbert* action, and the Ninth Circuit's opinion affirming this Court's denial of an expanded preliminary injunction, Plaintiff neither retained nor deposed any physician who could opine on causation. Without medical expert testimony, Plaintiff cannot make the medical causal leap between the alleged lack of sunlight or Vitamin D and any of the garden variety harms he now alleges – all but one of which appear nowhere in the FAC.

Plaintiff's new claims – in addition to being absent from the FAC – do not allege a significant enough harm to state a claim under the Fourteenth Amendment.  In order to state a claim, Plaintiff's harms must "significantly exceed, or be independent of, the inherent discomforts of confinement." *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004).  "[G]arden variety" emotional distress damages, which Plaintiff describes as "ordinary or common place emotional distress that is 'simple or

usual'" would fail this test, even if Plaintiff adduced admissible evidence to show that the alleged lack of sunlight or Vitamin D caused them – which he has not.  Opp. at 6 (quoting *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003)).

## II.    LEGAL STANDARD

Once a moving party has met its burden, as the City did in its moving papers, Plaintiff was required to go beyond his pleadings and cite "to particular parts of materials in the record" to show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(c)(1).  If the evidence in opposition is merely colorable, or is not sufficiently probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

Neither conclusory, speculative testimony in affidavits, nor attorney arguments in moving papers are sufficient to raise genuine issues of material fact and defeat summary judgment.  *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  A mere scintilla of evidence will not suffice.  *Anderson*, 477 U.S. at 252.  Finally, it is *Plaintiff's* obligation to identify, with reasonable particularity, *evidence* that precludes summary judgment – it is not the job of the Court to scour the record in search of a genuine issue of triable fact.  *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); Fed. R. Civ. P. 56(c)(3).

## III.    EVIDENTIARY OBJECTIONS

The only evidence of causation introduced by Plaintiff is his own declaration.[1]  In paragraph 4 he states, "[A]s a result of my lack of access to sunlight, I suffered the physical harm of becoming vitamin D deficient, In which I observed that I became sluggish, felt weak and had a lack of energy."  Pl.'s Decl. in Supp. of Opp., ECF No. 50-2.  He also states, "That as a result of my lack of access to sunlight, I suffered emotional distress that included feeling depressed, overwhelmed, helpless, spending a lot of time worrying, having difficulty thinking and remembering, feeling extreme levels of stress, anxiety and sleepiness."  *Id.* ¶ 5.

---

[1] Plaintiff also introduces a Vitamin D test, but, as described below, that, in and of itself, does not provide evidence of causation – as Plaintiff would need to prove that lack of sunlight caused his Vitamin D deficiency and prove that a Vitamin D deficiency caused his alleged harms.  Plaintiff submits no medical evidence to make either of these causal leaps.

The City objects to consideration of paragraphs 4 and 5 of Plaintiff's declaration because they violate Federal Rule of Evidence 701 and are inadmissible.  Plaintiff is a lay witness, and pursuant to Rule of Evidence 701, he may only testify to information "rationally based on the witness's perception" and his testimony may "not be based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(a), (c).  As argued at length in the City's Motion, the cause of Vitamin D deficiency and whether lack of sunlight could cause the various claimed harms are precisely the "specialized medical knowledge" that requires a medical expert. Defs.' Mot. for Summ. J. at 13–16, ECF No. 44 (citing *United States v. York*, 600 F.3d 347, 361 (5th Cir. 2010) (holding testimony regarding the cause of bruises and the length of time it would take those bruises to develop required expert medical opinion); *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1207 (3d Cir. 1995) (reversing and ordering new trial where district court improperly permitted lay opinion as to the issue of causation); *Walker v. Contra Costa Cnty.*, 2006 WL 3371438, at *9 (N.D. Cal. Nov. 21, 2006) ("Plaintiff's lay opinion testimony that he experienced an 'exacerbation of his physical health conditions and … psychological stress' as a result of Defendants' actions … is not testimony about an 'obvious causal relationship'" susceptible to lay opinion testimony and instead "is the subject of specialized medical knowledge." (first ellipsis in original))).  Plaintiff's declaration on medical causation is inadmissible as expert testimony offered by a lay witness.

Further, since Plaintiff admitted that he had no evidence that lack of sunlight or a Vitamin D deficiency caused depression (ECF No. 44-4 at Response to RFA Nos. 4, 5), he cannot now admit inconsistent testimony that lack of sunlight caused him to feel depressed.  *999 v. C.I.T. Corp.*, 776 F.2d 866, 869–70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."); *accord Warren v. Cybulski*, 556 B.R. 429, 435 (N.D. Cal. 2016) (Once a matter has been admitted "the court may not consider evidence that is inconsistent with the admission") (citation omitted).  The City thus objects to consideration of paragraph 5 of Plaintiff's Declaration insofar as it contradicts Plaintiff's Admissions.

Plaintiff's FAC alleges only three harms: 1) low testosterone, 2) osteoporosis, and 3) depression.  He confirmed in deposition and responses to written discovery that these were the *only*

CCSF's Reply ISO MSJ
Vincent v. CCSF, et al. 20-cv-03129-SK
3
n:\lit\li2022\230302\01716576.docx

three physical, emotional, or psychological harms he is claiming in this action. ECF No. 44-2 at 55:14-23; ECF No. 44-3 at Responses to Interrogatory Nos. 1 and 2; ECF No. 44-5 (verification of interrogatories). Thus, the City objects to the consideration of paragraphs 4 and 5 of Plaintiff's Declaration as introducing new material that was not disclosed in discovery. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009)). Plaintiff here never disclosed his now-claimed injuries and, in fact, disavowed having any injuries other than the three alleged in the FAC; he cannot submit a sham affidavit to create a material issue of fact contradicting his deposition testimony to allege never-disclosed injuries. Thus, the Court should not consider the inadmissible testimony in paragraphs 4 and 5 of Plaintiff's Declaration. For similar reasons, the Court should not consider paragraph 7 of Plaintiff's Declaration in which he claims he never previously "experienced depression, anxiety, restlessness." ECF No. 50-2 ¶ 7. In deposition testimony already submitted in support of the City's Motion, Plaintiff testified to previously being depressed and testified to symptoms of anxiety due to his grandmother's death in 2007 and his incarceration in the hole in San Quentin in 2010. ECF No. 44-2 at 85:11–88:4.

## IV.    ARGUMENT

### A.    Plaintiff's Failure to Adduce Evidence of Causation Is Fatal to His Claim

Plaintiff's Opposition concedes, as it must, that "[u]nder the Fourteenth Amendment […] to show improper 'punishment,' plaintiffs must [again] demonstrate that the challenge[d] conditions produce a 'harm or disability.'" Opp. at 5 (quoting *Norbert v. City and Cnty. of San Francisco*, 10 F.4th 918, 934–35 (9th Cir. 2021)[2] (internal quotations to *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020)). The City's Motion showed that Plaintiff has no evidence of causation of harm

///

---

[2] Alterations in the quote are to conform the Opposition to *Norbert*.

for any of the harms Plaintiff alleged in his FAC.[3]  To survive summary judgment, Plaintiff had to produce admissible evidence in opposition – which he has failed to do.  *Anderson*, 477 U.S. at 249–50; *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment").  Plaintiff provides only a single Vitamin D test result and his own declaration.  Plaintiff's declaration is inadmissible opinion testimony from a lay witness.  Consequently, by failing to produce evidence of causation, summary judgment must be granted to the City.

### 1.  Plaintiff's Vitamin D Test Cannot Establish Causation

The only medical record Plaintiff attaches in his Opposition is a Vitamin D test from March 2020 – three months before Plaintiff was released.  ECF No. 50-1, Ex. A.  Nowhere does this one-page blood test result state that Plaintiff's Vitamin D level was caused by lack of sunlight or that it caused any harm to Plaintiff (nor does it show the length of time Plaintiff had low Vitamin D).

Dr. Laufer's opinion notes that "About 35% of the adult population in the US has Vitamin D insufficiency with sunscreen and dark skin being major contributing factors."  ECF No. 44-6 at 4.[4]  In addition, light from fluorescent and high-voltage bulbs allows for natural creation of Vitamin D3, and "Vitamin D3 obtained from milk, supplements or food is equivalent to that created by sunlight exposure."  *Id.*  Thus, Plaintiff's low Vitamin D level could be caused by failure to drink milk or eat foods with Vitamin D, or by any of the other reasons that lead 35% of the adult population to experience Vitamin D insufficiency.  Rather than providing expert medical testimony, or even deposing a treating doctor, Plaintiff blithely states – without citation or medical training – that "as a result of my lack of access to sunlight, I suffered the physical harm of becoming vitamin D deficient … ."  ECF No. 50-2 ¶ 4.  He provides no reason to make that leap instead of, for example, blaming poor diet for low Vitamin D.  He also provides no evidence – medical or otherwise – to contest Dr.

---

[3] Plaintiff's Opposition did not address this argument, conceding that he has no evidence of causation for any of the three harms alleged in his FAC.  *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011).

[4] For ease of reference, pin cites are to the ECF pagination of Dr. Laufer's report.

Laufer's opinion that lights, windows, and louvers – such as those in the jails – would provide sufficient light to naturally generate Vitamin D.

In addition, Plaintiff claims that low Vitamin D led to him being sluggish, weak, and with a lack of energy. *Id.* Dr. Laufer, in contrast, notes, "Manifestations of health symptoms from low Vitamin D are due primarily to low serum calcium (*i.e.* low calcium in the blood)." ECF No. 44-6 at 4. ██████████████████████████████████████████████████████████

██████████ *Id.* Plaintiff provides no evidence to show that, ███████████████████████, a low Vitamin D level (from a single test) could cause him health symptoms, particularly over any period of time.

In sum, Plaintiff has produced no admissible evidence that this test result – the only medical document he provided – was either caused by lack of sunlight or caused him any harms. The blood test result is insufficient to overcome Dr. Laufer's undisputed medical opinion, and fails to create a genuine issue of material fact regarding causation.

### 2.     Plaintiff's Declaration Cannot Establish Causation

Plaintiff boldly declares that low Vitamin D and a lack of sunlight caused him to experience various physical and psychological symptoms. ECF No. 50-2 ¶¶ 4–5. This evidence is patently inadmissible. "[C]ausation must be founded upon expert testimony and cannot be inferred from the jury's consideration of the totality of the circumstances unless those circumstances include the requisite expert testimony on causation." *Cottle v. Superior Ct.*, 3 Cal. App. 4th 1367, 1385 (1992), *modified* (Mar. 20, 1992); *see also Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) ("where, as here, the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation").

Courts routinely refuse to admit a plaintiff's attempt to testify as to medical causation. *York*, 600 F.3d at 361; *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 (10th Cir. 2011) (citing *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir. 2011) (citing Seventh and Second Circuit cases)). In *Walker*, the court distinguished "testimony about what caused a simple physical injury like a broken leg" from more complex medical issues. *Walker*, 2006 WL 3371438, at *9. The effects of sunlight (and for that matter indirect sunlight, fluorescent light, and high voltage light) on

Vitamin D production, the body, and the psyche are far more complex than a fall causing a broken leg. Where injuries are this complex, courts sustain objections to plaintiffs' testimony on medical causation under Rule 701. *See e.g., Dhillon v. Princess Cruise Lines, Ltd.*, 2022 WL 504560, at \*3 (C.D. Cal. Feb. 18, 2022) (prohibiting lay testimony on cause of injury because "[u]ltimately, 'the alleged mechanisms of causation are beyond the experience of laypeople'" and cannot be established "absent such expert testimony"); *Hawes v. Pac. Gas & Elec. Co.*, 2018 WL 5270499, at \*6 (C.D. Cal. June 25, 2018), *report and recommendation adopted*, 2018 WL 5270513 (C.D. Cal. Oct. 19, 2018), *aff'd*, 821 F. App'x 827 (9th Cir. 2020) ("Plaintiff is not a qualified expert in the medical field. Therefore, while his own statements may be used to establish his symptoms, to the extent they purport to establish the cause of Plaintiff's injuries, they are inadmissible lay opinion … .").

Courts also have not permitted plaintiffs to diagnose or testify as to the symptoms of depression, anxiety, or insomnia – almost exactly what Plaintiff claims here – because "[s]uch testimony would stray too far into matters of 'scientific, technical, or other specialized knowledge' prohibited by Rule 701." *Sanchez v. Master Prot., LP*, 2022 WL 2092995, at \*2 (C.D. Cal. May 4, 2022).

Indeed, this Court previously found that similarly-situated plaintiffs – despite introducing expert evidence – "do not meet their burden to show that the conditions caused their physical problems because the evidence at this time does not show causation between the lack of direct sunlight and the medical problems" and was explicitly affirmed on this point by the Ninth Circuit. *Norbert*, 10 F.4th at 935–36. Here, without any medical or expert evidence whatsoever, Plaintiff fails to carry his burden.

The need for expert testimony is underscored by the many complicating factors confounding any linkage between the alleged condition of confinement and any alleged harms. Beyond any alleged lack of sunlight, Plaintiff experienced multiple stressors in jail, including stressors relating to his pending criminal case, stressors from his distance from his family, and stressors from his distance from his friends. ECF No, 44-2 at 93:17–25. Yet, despite these confounding factors, Plaintiff purports to be able to testify that the various harms he now alleges were caused solely by lack of sunlight and are not, instead, attributable to any of these other stressors. ECF No. 50-2 ¶¶ 4–5. Separating out

multiple causes and linking them to specific symptoms is at the core of expert medical knowledge and well beyond the realm of a lay plaintiff.  Fed. R. Evid. 701; *see Cottle*, 3 Cal. App. 4th at 1385.

Upon review of Plaintiff's records, Dr. Laufer opined "to a reasonable degree of medical certainty" that "Vincent did not suffer any adverse effects due to his lack of sun exposure."  ECF No. 44-6 at 6.  Similarly, Dr. Mayer, opined that "there is insufficient epidemiologic evidence to support the claim of a causal relationship between the [Condition of Confinement alleged] and the multiple health concerns alleged by the Plaintiff."  ECF No. 44-7 at 4.  Had Plaintiff adduced medical expert testimony, he may have been able to create a genuine issue of material fact to dispute Dr. Laufer or Dr. Mayer's opinions; Plaintiff's self-serving *ipse dixit* in his declaration cannot do so.

### 3.    Plaintiff Cannot Avoid His Failure to Produce Medical Evidence by Limiting His Alleged Harms

Plaintiff claims – without any citation to legal authority – that "even without evidence from a medical expert, the Plaintiff may allege 'garden variety' emotional distress and prove that harm through his own testimony."  Opp. at 6.  He further argues – citing a case that analyzes the Oregon state psychotherapist-patient privilege in relation to a claim for emotional distress damages under Oregon state employment discrimination law – that "[t]o show garden variety emotional distress, Plaintiff need not show any medical records or medical expert testimony."  Opp. at 7 (citing *Wilson v. Decibels of Oregon, Inc.*, 2017 WL 393602 (D. Or. Jan. 26, 2017).

These arguments – whether legally correct or not – are utterly inapposite.  Plaintiff argues that he can prove harm and show that he was distressed through his own testimony – whether he can do so or not is irrelevant to whether he can prove that the challenged condition of confinement *caused* the garden variety emotional distress he argues he can testify to.  It is precisely this issue of medical causation that Plaintiff cannot testify to under Rule 701, as explained above.  *See Hawes*, 2018 WL 5270499, at *6 ("Plaintiff is not a qualified expert in the medical field. Therefore, while his own statements may be used to establish his symptoms, to the extent they purport to establish the cause of Plaintiff's injuries, they are inadmissible lay opinion … .")  Plaintiff's Opposition improperly attempts to elide the difference between the harm and causation elements of his claim.  But causation and harm are separate elements, and each requires its own analysis.  *Norbert*, 10 F.4th at 934–35.  Even

CCSF's Reply ISO MSJ                                          8                      n:\lit\li2022\230302\01716576.docx
Vincent v. CCSF, et al. 20-cv-03129-SK

abandoning his claims related to osteoporosis, low testosterone, and depression in order to allege only garden variety harms, Plaintiff still must prove that the condition of confinement *caused* those harms. *Id.*  That would require testimony regarding the medical effects of Vitamin D or sunshine on the body and psyche, which is well beyond the knowledge of a layperson such as Plaintiff.  *See York*, 600 F.3d at 361; *Dhillon*, 2022 WL 504560, at *3; *Walker*, 2006 WL 3371438, at *9.

### B. Plaintiff's Newly-Alleged Harms Are Insufficient to State a Fourteenth Amendment Claim

In Plaintiff's FAC, he alleges three harms: low testosterone, osteoporosis, and depression. ECF No. 12 ¶ 9, 14.  Plaintiff explicitly confirmed this in deposition:

Q. Am I correct that the injuries you're claiming from lack of sunlight are depression, lack of testosterone and osteoporosis?
A. Yes, sir. …
Q. Okay.  Are there any other physical, psychological or emotional injuries that you're claiming besides depression, low testosterone and osteoporosis?
A. No, sir.

ECF No. 44-2 at 55:14–23.  Plaintiff confirmed this in written discovery as well.  ECF No. 44-3 at Responses to Interrogatory Nos. 1 and 2.

In opposition to summary judgment, for the first time, and without citation to any medical records, or explanation of the inconsistency, Plaintiff backs away from the three claimed injuries and claims "he became sluggish, felt weak and had a lack of energy" and "suffered emotional distress that included feeling depressed, overwhelmed, helpless, spending a lot of time worrying, having difficulty thinking and remembering, feeling extreme levels of stress, anxiety and sleepiness."  Opp. at 2 (citing Pl.'s Decl. in Supp. of Opp. ¶¶ 4-5, ECF No. 50-2).  Plaintiff repeatedly emphasizes that these alleged damages are "garden variety."  Opp. at 6, 7.

Plaintiff's newly claimed harms are fatal to his Fourteenth Amendment cause of action for two independent reasons: 1) they are alleged for the first time in opposition to summary judgment, and 2) "garden variety" harms are insufficiently significant to state a Fourteenth Amendment claim.

///

///

### 1.    Plaintiff Cannot Amend His FAC in Opposition to Summary Judgment

As the City argued in its opening brief, Plaintiff may not amend his FAC to allege different facts in order to defeat summary judgment.  ECF No. 44 at 12 (quoting *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Wasco Products, Inc. v. Southwall Tech. Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quoting *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (disallowing plaintiff from raising new ADA allegations only vaguely referenced in the complaint in opposition to summary judgment)).

As detailed above, Plaintiff was clear in his FAC, his deposition, and his written discovery responses that he was alleging only three harms: low testosterone, osteoporosis, and depression. Having admitted that he has no evidence of causation for these harms (ECF No. 44-4 at Responses to Interrogatory Nos. 4 and 5), Plaintiff does not even mention low testosterone or osteoporosis in opposition.[5]  He retrenches his claims to a host of unpled harms that were not alleged in the FAC or disclosed in discovery responses and that Plaintiff explicitly disavowed in deposition.[6]  This is precisely what Plaintiff is not allowed to do in opposition to summary judgment – and tellingly, the Opposition nowhere engages with the authority the City had already affirmatively raised on this point.

### 2.    Garden Variety Damages Are Insufficient to State a Fourteenth Amendment Claim

In order "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement."

---

[5] As noted above, having admitted he has no evidence of causation, Plaintiff is barred from admitting evidence, including his declaration, to claim lack of sunlight or Vitamin D deficiency caused depression.  *999*, 776 F.2d at 869–70; *accord Warren*, 556 B.R. at 435.

[6] As described above, failure to disclose these alleged harms (and, indeed, disavowal of any harms other than the three explicitly alleged), is an independent reason to disallow Plaintiff from making these new claims.  Fed. R. Civ. P. 37(c)(1); *Yeti*, 259 F.3d at 1106; *Yeager*, 693 F.3d at 1080.

*Demery*, 378 F.3d at 1030 (citing *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)); *accord Norbert*, 10 F.4th at 935 (quoting *Vazquez*, 949 F.3d at 1163) (same).[7]

Plaintiff describes the damages he is claiming as "general pain and suffering that is not serious enough to require psychological treatment or disrupt o[r] affect the claimant's life activities." Opp. at 6. He also describes it as "ordinary or common place emotional distress that is 'simple or usual'" *Id.* (quoting *Fitzgerald*, 216 F.R.D. at 637). Something that is ordinary, commonplace, or not serious enough to disrupt life activities is inherently insufficient to "significantly exceed … the inherent discomforts of confinement." *Demery*, 378 F.3d at 1030. The Supreme Court is clear that "the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell*, 441 U.S. at 537.

A wide range of alleged harms have been found insufficient to state a Fourteenth Amendment claim. For example, "the frequency of allowed showers and limits on recreation time raise no punishment concerns." *Billie v. Cnty. of Santa Barbara*, 2018 WL 7508478, at *1 (C.D. Cal. Nov. 27, 2018) (citing *Shorter v. Baca*, 895 F.3d 1176, 1185–86 (9th Cir. 2018)). Further, "handcuffing of inmates outside their cells, segregation from other prisoners during court appearances, and bans on entertainment like television and music are 'normal incidents of jail life.'" *Id.* (citing *Rhoden v. Corona*, 2010 WL 4449711, at *19 (C.D. Cal. Aug. 24, 2010)). Nor does "the denial of routine mental and physical wellness examinations amount to cognizable punishment." *Id.* (citing *Miller Castillo v. Solano Cnty. Jail*, 2012 WL 396032, at *6 (E.D. Cal. Feb. 7, 2012)). The Supreme Court explicitly affirmed double-bunking inmates as not being punishment. *Bell*, 441 U.S. at 542–43. District Courts have found triple-bunking with people sleeping on the floor to not constitute "punishment." *Cannedy v. Amador Cnty. Sheriff Dep't.*, 2022 WL 17994155, at *2 (E.D. Cal. Dec. 29, 2022)

_____

[7] Plaintiff's FAC does not appear to be making a failure to protect claim. However, even assuming the Court entertains such an unpled claim, Plaintiff would have to show that the City's actions "put the plaintiff at a substantial risk of suffering serious harm." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). As described in text above, garden variety damages neither significantly exceed the inherent discomforts of confinement nor constitute serious harm.

(dismissing complaint). Given each of the things found not to be punishment, it is clear that Plaintiff's "garden variety" damages would not qualify.

Plaintiff's cited authorities do not advance his position.[8] He states "Emotional distress can be 'harm' under the Fourteenth Amendment without any reference to medical records or medical expert testimony." Opp. at 7. The case he cites for that proposition is *Vazquez*, which involved the sexual harassment, assault, and inappropriate viewing and touching of a juvenile ward by a guard. *Vazquez*, 949 F.3d at 1158–59. While that case did involve emotional damages, it underscores how Plaintiff's claims are inadequate: the significant sexual harassment of a minor is nothing like garden variety damages. The District Court cases Plaintiff cites are completely inapposite; they decide whether medical or psychological records can be compelled under privilege law. None involves a Fourteenth Amendment due process claim, and none addresses the level of harm required to plead a Fourteenth Amendment conditions of confinement claim. *Fitzgerald*, 216 F.R.D. 632 (determining whether psychological records would be compelled in a Fair Housing Act suit); *Curry v. United States*, 2018 WL 347661 (E.D. Cal. Jan. 9, 2018) (determining whether psychological records would be compelled in a trip and fall case); *Wilson*, 2017 WL 393602 (deciding under Oregon law whether psychological records would be produced in an employment discrimination and FLSA case).

Plaintiff has litigated himself into a corner. He cannot allege significant damages because that would require a doctor to opine on his harms – and he neither retained nor deposed one – and garden variety damages are insufficient to state a Fourteenth Amendment claim – even if Plaintiff could prove causation which, as shown above, he cannot.

///

///

---

[8] Plaintiff's Opposition on this point appears to be copied from the *Brackens* order issued by this Court. *Compare* Opp. at 6–7 *with Brackens v. City and Cnty. of San Francisco*, 2023 WL 6847576, at *32 (N.D. Cal. Oct. 17, 2023). In this case, unlike in *Brackens*, Plaintiff has adduced no expert testimony and shown nothing in his medical records (other than a solitary Vitamin D test) to show harm or causation. Further, neither Plaintiff's FAC nor his discovery responses disclosed these newly-alleged harms. As explained in the City's Motion, this case is very different from *Brackens*. ECF 44 at 3–4, 12, 17–19.

## CONCLUSION[9]

For the foregoing reasons, the City respectfully requests that the Court grant its summary judgment motion in full.

Dated:  November 20, 2023

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
S. PATRICK KELLY
Deputy City Attorney


By:  /s/ S. Patrick Kelly
S. PATRICK KELLY

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

---

[9] Plaintiff states in Opposition that he "is no longer claiming Punitive Damages."  Opp. at 7.

CCSF's Reply ISO MSJ
Vincent v. CCSF, et al. 20-cv-03129-SK

13

n:\lit\li2022\230302\01716576.docx